## Case No. 12,296a.

### SANDERS v. The SEA FOWL.

[N. Y. Times, Feb. 15, 1863.]

District Court, S. D. New York. Feb. 10, 1863.

PRACTICE IN ADMIRALTY—SUIT FOR WAGES — DEFAULT—CONDEMNATION AND SALE—AT WHAT STAGE ALLOWED.

The libel was filed in this case [by Nathan B. Sanders against the schooner Sea Fowl] to recover seaman's wages. On the return of the process, no one appearing for the vessel, the libellant moved for a default and reference, and for condemnation and sale of the vessel, as has been the practice in the court. But the attention of the court being called to the matter, the question arose whether it was proper at this stage of the proceedings to move for a condemnation and sale of the property, and the question was submitted to the court.

HELD BY THE COURT. That the court is unaware that any such usage has grown up in the practice of the court, or has been sanctioned in any instance by express order of the court, unless it was under intimation that the condemnation was assented to by the parties in interest. That the fundamental principle regulating every branch of judicature, in law, equity or admiralty, exacts a final positive judgment or decree determining the sum so paid, antecedent to the sale of property to satisfy it. That the true reading of the rules of this court is in accordance with this principle. That the decree proposed to be entered in this cause must be modified so as to rescind the order to issue execution upon the condemnation of the vessel. Such decree can only be allowed after the amount due is legally ascertained or assented to by the party charged by it.